UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMAS JAYMITCHELL HOYLE,

    Petitioner,

v.

BRIAN CAHAK,

    Respondent.

Case No. 25-CV-1011-JPS

**ORDER**

**1. INTRODUCTION**

On July 14, 2025, Petitioner Tomas Jaymitchell Hoyle ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner paid the filing fee. *See* docket annotation to ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**2. BACKGROUND**

Petitioner's § 2254 petition relates to his conviction in Chippewa County Circuit Court Case No. 2017CF000572. ECF No. 1 at 2.[1]

A criminal complaint was filed against Petitioner therein in October 2017. State Court Docket. The State charged Petitioner with two counts of second-degree sexual assault and two counts of second-degree sexual assault of a child less than sixteen years of age. *Id.*; ECF No. 1-3 at 3. A jury

---

[1] *See State of Wisconsin v. Tomas Jaymitchell Hoyle*, No. 2017CF000572 (Chippewa Cnty. Cir. Ct. 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF000572&countyNo=9&index=0&mode=details (last visited Aug. 1, 2025) (cited to hereafter as "State Court Docket"). The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases).

found Petitioner guilty on all counts in December 2018. State Court Docket, Dec. 14, 2018 entry.

Following unsuccessful postconviction relief proceedings in the circuit court, ECF No. 1-2 at 4–5, Petitioner appealed his conviction to the Wisconsin Court of Appeals, including on the ground that "the prosecutor improperly commented on [his] exercise of his Fifth Amendment privilege not to testify . . . ." ECF No. 1-3 at 2. In April 2022, the Wisconsin Court of Appeals agreed, reversed the judgment of conviction, and remanded the case for further proceedings. *Id.* at 2, 10.

The State petitioned the Wisconsin Supreme Court for review. ECF No. 1-2 at 5. In March 2023, the Wisconsin Supreme Court reversed the decision of the Wisconsin Court of Appeals, concluding that the prosecutor "did not violate [Petitioner's] Fifth Amendment rights . . . because the prosecutor did not comment on [Petitioner's] silence." ECF No. 1-4 at 1, 3–4. The Wisconsin Supreme Court reversed and remanded the case to the Wisconsin Court of Appeals to address the remaining grounds for relief that Petitioner had asserted on appeal and which the Wisconsin Court of Appeals had not analyzed. ECF No. 1-2 at 5, 29. On remand, the Wisconsin Court of Appeals affirmed Petitioner's conviction, ECF No. 1-5 at 2, and the Wisconsin Supreme Court denied Petitioner's petition for review, ECF No. 1-6. Petitioner remains incarcerated at Oshkosh Correctional Institution, with a maximum discharge date in March 2037. *Offender Locator*, STATE OF WIS. DEP'T OF CORRS., https://appsdoc.wi.gov/lop/details/detail (last viewed Aug. 1, 2025).

3.  **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it

Page 2 of 8
Case 1:25-cv-01011-JPS    Filed 08/01/25    Page 2 of 8    Document 3

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (citing Rule 4 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2243, and *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir. 1982)). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)(A) and *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, Petitioner's appeal concluded on June 17, 2024 when the Wisconsin Supreme Court declined to review his case following the remand and affirmance by the Wisconsin Court of Appeals. ECF No. 1-6. Petitioner had ninety days thereafter—until September 15, 2024—within which to petition for certiorari in the United States Supreme Court. Petitioner did not

do so, ECF No. 1 at 4, so he had one year from that date within which to file the instant § 2254 petition. Petitioner filed the instant petition on July 14, 2025—well before the September 15, 2025 deadline. His petition therefore is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (citing *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000)).

A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *See Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). General appeals before the state courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *See Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972) (citing *Wilwording v. Swenson*, 404 U.S. 249 (1971) and *Brown v. Allen*, 344 U.S. 443, 448 n.3 (1953)).

> Petitioner raises a single ground for relief:

> The prosecutor violated [Petitioner's] Fifth Amendment right not to testify at trial by arguing that [Petitioner] should be convicted because the evidence was "uncontroverted," when [Petitioner] was the only person who could controvert the complaining witness's testimony and [Petitioner] elected not to testify.

ECF No. 1 at 6. This ground appears to have been exhausted, since Petitioner raised it before the Court of Appeals, ECF No. 1-3, and the Wisconsin Supreme Court, ECF No. 1-4.

### 3.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on his sole ground for relief. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002).

A petitioner has procedurally defaulted on a claim if "the state court denied [the claim] based on an adequate and independent state procedural rule." *Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). The last state court to address Petitioner's ground for relief—the Wisconsin Supreme Court—addressed the ground on its merits rather than on "an adequate and independent state procedural rule." *Id.*; *see* ECF No. 1-4. The Court is satisfied that Petitioner's ground for relief is not procedurally defaulted.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Petitioner's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without

Page 5 of 8
Case 1:25-cv-01011-JPS   Filed 08/01/25   Page 5 of 8   Document 3

expressing any opinion as to the potential merit of Petitioner's ground for relief, it is not plainly frivolous.

**4.  CONCLUSION**

For all the reasons set forth herein, Petitioner may proceed on the ground for relief set forth in his petition. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have forty-five (45) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60)

days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent,

and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge